FILED

JAN - 4 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLSTATE CASUALTY INSURANCE CO.,

    Plaintiff(s),

vs.

NOE GARCIA, an individual and RYAN LAO, an individual,

    Defendant(s).
_____/

No. C- 05-4863 MHP

**ORDER TO SHOW CAUSE**

    This action was filed on November 28, 2005, and ultimately assigned to this judge. It seeks declaratory relief against two defendants one of whom is a plaintiff and the other a defendant in a pending state court action seeking recovery for personal injuries. The defendant in that action is Allstate Casualty Insurance Company's ("Allstate") insured. The insured tendered its defense and indemnification to Allstate under its homeowners policy. Allstate brings this action in federal court seeking a declaration it does not owe a defense or afford coverage under the policy.

    Allstate premises this court's jurisdiction on diversity jurisdiction and the Declaratory Judgment Act, 28 U.S. C. §§2201 et seq. This Circuit, interpreting Wilton v. Seven Falls Co., 515 U.S. 277 (1995), provides that in declaratory relief actions relating to coverage under or interpretation of policies of insurance the court should first determine its jurisdiction. See Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799-801 &n.1 (9th Cir. 1995)("it will be rare that a case will arise in the future in which the district court fails to consider the jurisdictional

1  question").

2  The reason for this threshold inquiry is that declaratory relief actions almost always involve
3  interpretations of state law. Concerns of comity and "wise judicial administration" ordinarily
4  counsel against exercising jurisdiction and the court may dismiss the complaint unless there are
5  "facts or circumstances ... that would justify" making an exception to this rule. Id. at 799, 801
6  This inquiry is not inconsistent with Government Employees Ins. Co. v.Dizol, 133 F.3d 1220 (9th
7  Cir.1998)(en banc), nor this Circuit's more recent considerations of this issue. In Dizol, the Court
8  underscored that the jurisprudential factors articulated in Brillhart v. Excess Ins. Co. of America,
9  316 U.S. 491 (1942), still apply. See, 133 F.3d at 1225 & n5.

10  Cases subsequent to Dizol do not differ where there are pending state court proceedings
11  involving the same parties or the same incidents giving rise to the claim for defense and coverage.
12  See, e.g., Huth v. Hartford Ins. Co. Of the Midwest, 298 F.3d 800 (9th Cir. 2002).

13  For the foregoing reasons, this court orders plaintiff Allstate to show cause why the
14  complaint in this action should not be dismissed or why this court should not abstain from
15  entertaining this action. Plaintiff, of course, may bring this action in state court, in the very court
16  where the underlying action is pending.

17  Accordingly,

18  On or before January 17, 2006, plaintiff shall file a memorandum not to exceed ten (10)
19  pages showing cause why the complaint in this action should not be dismissed or why the court
20  should not abstain from entertaining this action. Defendant may file a response, if any, on or before
21  January 27, 2006, at which time this matter will be deemed submitted on the papers.

23  IT IS SO ORDERED.

25  Date: January 3, 2006

MARILYN HALL PATEL
Judge United States District Court
Northern District of California

2