UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLSTATE INSURANCE COMPANY

           Plaintiff,

  v.

NOE GARCIA and RYAN LAO,

           Defendants.

No. C 05-04863 MHP

**MEMORANDUM & ORDER**
**Re: Cross-Motions for Summary Judgment**

/

On November 28, 2005 plaintiff Allstate Casualty Insurance Company ("Allstate")[1] filed this complaint against defendants Noe Garcia ("Garcia") and Ryan Lao ("Lao"), seeking declaratory relief that the policy issued by Allstate to Garcia's father does not provide coverage for any potential liability of defendant Garcia in a state court action between Lao and Garcia. The court entered default as to defendant Garcia on April 28, 2006. Now before the court are Allstate's and Lao's cross-motions for summary judgment. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND[2]

Plaintiff Allstate is an Illinois corporation and has its principal place of business in Illinois. Defendant Garcia is an individual who is a citizen of California. Defendant Lao is also a citizen of California. The dispute in this case involves the interpretation of a Deluxe Homeowners Policy (the "Policy") issued by Allstate to Aureliano Garcia, defendant Garcia's father. Defendant Garcia was living with his parents at the time of the events in question and was therefore covered by the policy

as an insured person.

On May 26, 2004 Garcia and Lao were both enrolled in an Engine Management class at Sequoia Institute, where they were lab partners. During that class, Garcia and Lao were working on a sensor problem on a four-door, Chevy Sedan owned by the school. JSUF ¶¶ 5–8. Garcia noticed that the vehicle was overheated. JSUF ¶ 10. To determine whether the coolant levels were low, Garcia removed the radiator cap, releasing coolant from the radiator. JSUF ¶¶ 10–14. The escaping coolant burned Lao on his back. In July 2005 Lao filed a civil action in Alameda County Superior Court against Garcia to recover damages for his injuries ("the underlying action"). Garcia tendered his defense and indemnity in that action to Allstate under the Policy. In turn, Allstate filed the instant action seeking a declaration from this court that the Policy does not provide coverage for any damages or injuries alleged in the underlying action and that the Policy does not require Allstate to defend or indemnify Garcia in that action or to pay Lao any judgment obtained in that action.

The Policy at issue is a homeowners insurance policy. Section II of the Policy describes Family Liability Protection. The Policy provides for coverage for losses:

> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. Compl. Ex. A, at 27.

The Policy's motor vehicle exclusion exludes from coverage certain losses "arising out of the ownership, maintenance, use, occupancy, renting, loading or unloading of any motor vehicle or trailer." Id. Allstate asserts that the Policy does not cover the liability of Garcia in the underlying action because the allegations in that action are excluded from the Policy by the motor vehicle exclusion.

On October 14, 2006 Lao filed a motion for summary judgment on the issue of whether the Policy's motor vehicle exclusion excluded coverage for Garcia's liability in the underlying action. On October 23, 2006 Allstate filed a motion for summary judgment on the same issue.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. Id.; Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

The moving party may "move with or without supporting affidavits for a summary judgment in the party's favor upon all [claims] or any part thereof." Fed. R. Civ. P. 56(a). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

DISCUSSION

The central issue in this case turns on whether the motor vehicle exclusion excuses Allstate's defense of Garcia in the underlying action. As a general principle, an insurer has a duty to defend its insured whenever the facts give rise to the "potential of liability under the policy." Gray v. Zurich

Ins. Co., 65 Cal.2d 263, 276 (1966). Therefore, Allstate must show that there is "no conceivable theory [which would] raise a single issue which could bring it within the policy coverage." Id. at 275, n.15. While this is an exceedingly high bar, it is not insurmountable. An insurer would not be obliged to defend its insured where the policy was not in force at the time of the alleged injury, see Remmer v. Glens Falls Indem. Co., 140 Cal. App.2d 84 (Cal. Dist. Ct. App. 1956), or when "the complaint in that action shows on its face that the injury complained of is not only not covered by, but is excluded from the policy." Maxon v. Security Ins. Co., 214 Cal.App.2d 603, 617 (Cal. Dist. Ct. App. 1963).

Allstate contends that Lao's claims are explicitly excluded from the Policy. To support its contention that the underlying action is excluded from coverage, Allstate argues that the terms of the Policy are unambiguous, that Lao's injuries clearly fall under the terms of the motor vehicle exclusion, and no non-vehicular conduct concurrently caused Lao's injuries. In his motion for summary judgment, Lao argues that general principles of insurance contract interpretation support granting summary judgment in his favor. He further contends that the broader purpose of the automobile exclusion in homeowner's policies supports his position that the underlying action is not excluded from the Policy. Finally, he asks the court to adopt a causation requirement for the motor vehicle exclusion.

The court must first address whether the terms of the motor vehicle exclusion are ambiguous. As an initial matter, there appears to be no meaningful dispute that the injuries alleged involved a motor vehicle under the terms of the Policy. The alleged injuries arose out of an incident involving a four-door Chevy Sedan that was operational at the time of the incident. JSUF, ¶¶ 5-6. Nor does Lao present any argument that any of the Policy's exceptions to the motor vehicle exclusion apply.[3] Thus, the disputed terms concern the phrase "arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading" of the motor vehicle in question. JSUF ¶ 25.

In Allstate's view, the underlying action involves an occurrence arising out of both the maintenance and use of the motor vehicle. First, Allstate argues that the term, "maintenance" is

4

unambiguous and that Garcia's actions in repairing the car meet the definition of maintenance. The issue of a policy term's potential ambiguity should not be considered in the abstract but in the application of the term to this particular context. State Farm Fire & Casualty Co. v. Salas, 222 Cal.App.3d 268, 274 (Cal. Ct. App. 1990). In construing the same term in a different context, the California Court of Appeal relied upon a definition of "maintenance" that included all "acts of commission or omission relative to the external or mechanical condition of a vehicle." Id. There, a welder's work on a tire rim "easily fit[] within the scope of routine automobile maintenance." Id. The instant case presents a similar set of facts in which Garcia attempted to discover the cause of the vehicle becoming hot during the course of repairing the car's sensor. JSUF ¶ 10-14. At the time of Lao's alleged injuries, Garcia was engaged in repairing a sensor problem, an activity, like that in Salas, which falls within the scope of automobile maintenance. More specifically, Garcia's actions in removing the radiator cap involved an attempt to remedy the hot temperature of the car by restoring the coolant to its proper level. This more specific account of the occurrence also fits easily within the term of maintenance. Therefore, the Policy's term "maintenance" unambiguously includes Garcia's removal of the radiator cap. Having determined that the Policy is unambiguous, the court has no need to consider more general arguments based on contract interpretation in the face of ambiguity.

Lao presents a number of hypothetical fact patterns to argue that the relationship between the occurrence and the vehicle is too attenuated to fit under the motor vehicle exclusion. His point, undoubtedly, is one similar to that presented in State Farm Mut. Auto. Ins. Co. v. Partridge, 10 Cal.3d 94 (1973). In Partridge, the California Supreme Court addressed whether the motor vehicle exclusion precluded coverage from injuries resulting from negligently firing a gun while also driving negligently. Because the injuries resulted from an independent act of negligence–the firing of the gun - - which was covered by the policy - - the court concluded that the incident and resulting injuries were covered. In doing so, it offered a number of illustrative hypothetical situations to demonstrate that the act of negligence was sufficiently independent of the driving to warrant coverage. Id. at 103. Lao's attempts to replicate the Partridge analysis are unpersuasive. Lao cannot

5

point to an independent act of negligence distinct from Garcia's removal of the radiator cap to support his argument. Daggs v. Foremost Ins. Co., 148 Cal.App.3d 726, 730 (Cal. Ct. App. 1983). Garcia's efforts to discover the cause of the hot temperature of the car are "inextricably bound up with his attempts to maintain" the vehicle. Salas, 222 Cal App.3d at 275. The dangers associated with overheated radiators and the explosive properties of coolant are necessarily linked to automobile maintenance. Unlike the gun in Patridge which could have been fired from outside the vehicle and caused the same injuries, the alleged cause of Lao's injuries could have only occurred in relation to a vehicle. The actions involved in this case are automobile-dependent. See Prince v. United Nat'l Ins. Co, 142 Cal.App.4th 233, 240 (Cal. Ct. App. 2006). "In other words, the *only* way in which [Lao] could have been exposed to [Garcia's alleged negligence] was through the operation or use of the motor vehicle." State Farm Fire and Casualty Co. v. Camara, 63 Cal.App.3d 48, 55 (Cal. Ct. App. 1976). Lao attempts to distinguish these cases by arguing that the alleged injuries arose out of contact with an engine not an entire motor vehicle. However, he does not dispute the fact that the engine at issue was inside of a previously operational four-door sedan. Moreover, each of the cases relied upon by the court involves both a vehicle and its constituent parts. In Salas, the alleged injuries arose from the repair of a tire rim, yet the court concluded that the incident arose out of maintenance of a motor vehicle not just the individual part. 222 Cal.App.3d at 274. Therefore, the court finds that the incident arose out of the maintenance of a vehicle. The court further declines to adopt Lao's causation analysis because it concludes that the incident was not too attenuated from the maintenance of the vehicle.

Finally, Lao argues that the purpose of the motor vehicle exclusion is to require the insured to purchase separate coverage for his motor vehicles. In Lao's view, the fact that Garcia could not have obtained automobile policy coverage for this incident suggests that a homeowner's policy should cover it. Lao is correct in his general assertion of the purpose of such a motor vehicle exclusion; however, that general principle does not apply in this case. Lao's argument suggests that Garcia had a reasonable expectation of coverage for this incident because he could not obtain automobile policy coverage. The fact that Garcia is being defended in the underlying action under

6

his parents' automobile policy suggests otherwise. Pl.'s Mot. at 16.[4]  Moreover, the California Court of Appeal rejected a similar argument in Camara. There, the court determined that "[a]s a reasonable person who purchased both the automobile policy and the homeowner's policy, [insured] could not expect the homeowner's policy to indemnify him against a claim arising out of such facts." 63 Cal. App.3d at 55. Accordingly, the court rejects Lao's contention that Garcia had a reasonable expectation that his homeowner's policy would cover this incident.

Because the court has determined that the incident arose from the maintenance of a vehicle, it need not address the parties' arguments with respect to the term "use" in the Policy. In sum, Lao's alleged injuries arose during the course of maintenance of a vehicle, an occurrence that falls within the motor vehicle exclusion of the Policy. The underlying action is, therefore, excluded from coverage under the Policy. Allstate is thus entitled to summary judgment.

CONCLUSION

For the foregoing reasons, the court hereby DENIES defendant Lao's motion for summary judgment as to whether the Policy covers the incident at issue in the underlying action. The court simultaneously GRANTS plaintiff's motion for summary judgment on the same issue.

IT IS SO ORDERED.

Dated: Jan. 3, 2007

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

ENDNOTES

1. On October 16, 2006 the court granted plaintiff's motion to substitute Allstate Insurance Company as plaintiff and real party in interest in this action in lieu of Allstate Casualty Insurance Company. All subsequent references to Allstate refer to Allstate Insurance Company.

2. Unless otherwise noted, all facts are taken from the Joint Statement of Undisputed Facts ("JSUF").

3. The motor vehicle exclusion and its exceptions read in their entirety as follows:

> We do not cover bodily injury arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:
> a) a motor vehicle in dead storage or used exclusively on an insured premises;
>
> b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises;
>
> c) a motorized wheel chair;
>
> d) a vehicle used to service an insured premises which is not designed for use on public roads and not subject to motor vehicle registration;
>
> e) a golf cart owned by an insured person when used for golfing purposes;
>
> f) a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;
>
> g) lawn or garden implements under 40 horsepower;
>
> h) bodily injury to a residence employee

JSUF ¶ 25.

4. The court notes that the defense afforded by plaintiff is subject to a reservation or rights. If the parents' automobile policy uses the typical language providing for coverage for loss from liability occurring in the "...use, maintenance" and other usual enumerated activities, and if plaintiff takes a contrary position with respect to its interpretation of the pertinent language in this case, defendant has a number of arguments he may pursue. Indeed, he may seek to reopen this case based upon the contrary representations.